IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00286-EWN-MEH

RONALD T. REGGANS,

    Applicant,

vs.

BILL OWENS, and
JOHN SUTHERS, Attorney General of Colorado,

    Respondents.

_____

## ORDER
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Applicant's letter request for an Order releasing all of his state legal files to him, for appointment of counsel, for an evidentiary hearing, and for a full investigation into the actions of Judge P. Fullerton. As stated in the pending Recommendation for Dismissal of Amended Application, however, the Applicant has failed to state a claim upon which this Court may grant relief under 28 U.S.C. § 2241. Additionally, the information sought by the Applicant in his letter go to the validity of his conviction or his sentence, and are more appropriately raised under the provisions of 28 U.S.C. § 2254. This Court is precluded from reviewing those claims until the Applicant has exhausted or attempted to exhaust his state court remedies. Therefore, release of Applicant's state court records and an evidentiary hearing are not required for proceedings in this Court.

With regard to the Applicant's request for appointment of counsel, the right to counsel guaranteed under the Sixth Amendment applies only to criminal proceedings. *Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 821 n. 29 (10th Cir. 1995). Habeas corpus proceedings are civil in nature, not criminal. *Id*. (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Therefore, no constitutional right to counsel exists in habeas proceedings. *Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir. 1999) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)). However, if the interests of justice so require, a habeas applicant who is financially unable to obtain representation may be appointed counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is within the District Court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001), *cert. denied*, 535 U.S. 1001 (2002).

Having considered the current record in this case, the Court finds that, the Applicant currently appears able to present his case adequately. The factual and legal issues raised in this case are not so numerous or complex that appointment of counsel is necessary. *Cf. Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992); *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985). Further, the Applicant has not provided the Court with any indication that he has made reasonable efforts to seek counsel on his own behalf. *Cf. Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992); *Castner,* 979 F.2d at 1422. Should this case proceed to a point where significant investigation, discovery, and/or preparation for an evidentiary hearing becomes necessary, the Applicant may renew his request for appointment of counsel.

The Applicant cites no authority for the investigation of a state court judge within a federal habeas case. Federal courts are courts of only limited jurisdiction. *See Castaneda v. I.N.S.*, 23 F.3d

2

1576, 1580 (10th Cir. 1994). This means that there must be a constitutional and/or statutory basis for this Court to have the authority to decide lawsuits. The Applicant has provided none. While the Court must construe Applicant's filings liberally, the Court should not "assume the role of advocate." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Based on the foregoing, and the entire record herein, the Applicant's letter request for an Order releasing all of his state legal files to him, for appointment of counsel, for an evidentiary hearing and for a full investigation into the actions of Judge P. Fullerton [Filed April 11, 2006; Docket #22-1, #22-2, and #22-3] is **denied.**

Dated at Denver, Colorado, this 24th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge