IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–00286–EDWARD W. NOTTINGHAM–MEH

RONALD T. REGGANS,

    Applicant,

v.

BILL OWENS and
JOHN SOUTHERS,
  The Attorney General of the State of Colorado,

    Respondents.

---

### **ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

    Applicant Ronald T. Reggans is a prisoner in the custody of the State of Colorado pursuant to a state court judgment convicting him of first degree murder and assault. (*See* Docket #3, at 2.) On the murder charge, he is serving a sentence of twenty years to life. (*Id.*) On the assault charge, he was formerly serving a concurrent eight-year sentence, at the conclusion of which he was eligible for release on one year of mandatory parole. (Docket #7, at 2.) His case now comes before the court on the "Recommendation for Dismissal of Amended Application [for Writ of Habeas Corpus]" (#20). The magistrate judge reviewed each of the three claims asserted in the Amended Application (#7) and determined that none of them supported the application.

    Applicant has objected to the recommendation. The court's review of his objection discloses that he still pursues only claim one, which alleges that the Colorado State Parole Board

had no discretion to deny him parole and hold him in custody because his plea agreement in state court provided that he was to serve only twenty years on the murder conviction and was thereafter to be released to a term of one year mandatory parole on the assault conviction. In his objection, he also develops a corollary argument that the parole board's action violated the state judge's intent that he be released after serving twenty years. Thus, the court will only include claim one in its *de novo* review, and the magistrate judge's recommendation for dismissal with prejudice will be accepted as to the other claims, for the reasons outlined in the next paragraph..

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the matter before the court and magistrate judge is viewed as dispositive or non-dispositive. For case-dispositive matters, such as dismissal, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2007); Fed. R. Civ. P. 72(b). "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

In this court's view, the threshold defect in claim one is that Applicant has never presented it to the state court and has therefore failed to exhaust his state court remedies. Federal courts have repeatedly held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies. *See Rose v. Lundy,* 455 U.S. 509 (1982); *Castille v. Peoples,* 489 U.S. 346 (1989). This exhaustion requirement is grounded in principles

of comity; in a federal system, the states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. As *Rose* explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. [Citation omitted.] Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." [Citation omitted.] Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." [Citations omitted.]

*Rose*, 455 U.S. at 518. Although the exhaustion requirement has been codified in habeas corpus proceedings under 28 U.S.C. § 2254(b), the requirement also applies, as a matter of case law, in actions under 28 U.S.C. § 2241, such as the one before the court. *Williams v. O'Brien,* 792 F.2d 986 (10th Cir.1986). Application of the exhaustion doctrine is especially appropriate here, because it is the state court, not this one, that is in the better position to review its record and determine whether it intended release after service of twenty years on Applicant's murder sentence. Hence, unless Applicant has exhausted his state court remedies with respect to claim one, it must be dismissed so that he can attempt to do so.

Applicant resists this conclusion by claiming that his access to the state court system has been blocked and that he thus has no state remedy. At first glance, his objection suggests that it is the state court which is not allowing him to file a motion under Colo. R. Crim. Pro. 35(b) or similar provision of state law. Elsewhere, however, he clarifies that it is the parole board which

has refused to consider the plea agreement in its ruling denying him release and that he was told to get a copy and bring it to his next parole hearing. He indicates that he has been unable to secure a copy without a court order. (#7, at 2.) None of this suggests that he has been blocked by anyone from filing a motion under rule 35(b) or any similar provision. Absent some demonstration that he has tendered such a motion for filing and that the state court has prohibited him from filing it, this court rejects Applicant's contention that there is no adequate state remedy available to him. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED in part.

2. Claim One, concerning violation of Applicant's plea agreement and the state court's judgment, is dismissed without prejudice for failure to exhaust state court remedies.

3. The balance of the recommendation is ACCEPTED without objection, and all remaining claims are dismissed with prejudice.

DATED this 23rd day of November, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge